UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **PHILLIP LESLIE MAXON #19708,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) NO. 3:22-cv-00814 |
| | ) |
| **MIDDLE TENNESSEE MENTAL** | ) |
| **HEALTH INSTITUTE,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

Phillip Leslie Maxon filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application to proceed as a pauper. (Doc. No. 2). Plaintiff filed the Complaint from the Rutherford County Jail (Doc. No. 1 at 8), but the allegations concern Plaintiff's temporary confinement at the Middle Tennessee Mental Health Institute (MTMHI). (Id. at 5–6). As explained below, Plaintiff's application to proceed as a pauper will be granted, but Plaintiff fails to state a claim for relief against the only named Defendant at this time. Therefore, to proceed in this case, Plaintiff must file an Amended Complaint by following the instructions at the end of this Order.

**I.  Application to Proceed as a Pauper**

An inmate may bring a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Plaintiff's application to proceed as a pauper shows that he cannot pay the full filing fee in advance. (See Doc. No. 2 at 3 (showing spendable balance of zero)). Plaintiff's application (Doc. No. 2) is therefore **GRANTED**, and he is **ASSESSED** the $350.00 filing fee as follows:

The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of—(A) the average monthly deposits to [the plaintiff's] account; or (B) the average monthly balance in [the plaintiff's] account for the 6-

month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1). After the initial filing fee is fully paid, the trust account officer must withdraw from Plaintiff's account and pay to the Clerk monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. These payments must continue until the $350.00 filing fee is paid in full. Id. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Order to the Rutherford County Jail to ensure that the custodian of Plaintiff's inmate trust account complies with the portion of 28 U.S.C. § 1915 pertaining to payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian of his inmate trust account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance with this Order. All payments made in compliance with this Order must clearly identify Plaintiff's name and the case number as shown on the first page of this Order, and must be mailed to: Clerk, U.S. District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II.     Initial Review

The Court must review the Complaint to determine if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1). And because Plaintiff is representing himself, the Court must hold the Complaint to "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted).

Plaintiff alleges that his former defense attorney coerced MTMHI staff into giving him an "improper" mental evaluation. (Doc. No. 1 at 5–6). This evaluation, Plaintiff alleges, is the reason for his continued incarceration. (Id.). Plaintiff also alleges that MTMHI staff forced him to take drugs against his will. (Id.). And Plaintiff alleges that he suffered discrimination for declining to

sign a "release of information" in the form of MTMHI staff refusing to follow through on their promise to assist Plaintiff with obtaining disability benefits, a lawyer, or housing. (Id.).

Plaintiff brings this case under Section 1983. The only Defendant, however, is MTMHI. (Id. at 1–2). "MTMHI is a building, 'not a "person" or legal entity subject to suit under 42 U.S.C. § 1983.'" Greene v. Middle Tennessee Mental Health Inst., No. 3:19-CV-00738, 2020 WL 1865187, at *3 (M.D. Tenn. Apr. 14, 2020) (quoting McIntosh v. Camp Brighton, No. 14-CV-11327, 2014 WL 1584173, at *2 (E.D. Mich. Apr. 21, 2014)). And even liberally construing the Complaint as an attempt to impose liability on the entity that MTMHI represents, Plaintiff fares no better. It appears that MTMHI is operated by the State of Tennessee. See id. at *4 (citing Loyde v. Ryker, No. 3:13-1223, 2014 WL 4657478, at *1, 3 (M.D. Tenn. Sept. 17, 2014)). But Plaintiff's only request for relief is monetary damages (Doc. No. 1 at 7), and Tennessee is "entitled to Eleventh Amendment immunity from suit for damages." Wingo v. Tenn. Dep't of Corr., 499 F. App'x 453, 454 (6th Cir. 2012) (citations omitted). Accordingly, the Complaint fails to state a claim for relief in its current form.

Rather than dismiss the case at this time, however, the Court will give Plaintiff an opportunity to file an Amended Complaint. See LaFountain v. Harry, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA."). For this purpose, the Clerk is **DIRECTED** to send Plaintiff a blank form Section 1983 complaint for prisoners.

III.    **Instructions to Plaintiff**

For this case to proceed, Plaintiff **MUST** file an Amended Complaint that names one or more proper Defendants to a Section 1983 case. For example, if Plaintiff wants to sue any individual MTMHI staff members responsible for events that allegedly occurred during Plaintiff's

3

Case 3:22-cv-00814    Document 4    Filed 11/14/22    Page 3 of 4 PageID #: 19

temporary confinement at MTMHI, Plaintiff must clearly list that staff member as a Defendant on the Amended Complaint form. The Amended Complaint must be written in a clear and concise manner, and it must include all the factual allegations, legal claims, and Defendants that Plaintiff wants to pursue regarding his temporary confinement at MTMHI. That is because the Amended Complaint will replace the prior complaint for all purposes. See In re Refrigerant Compressors Antitrust Litig., 731 F.3d 586, 589 (6th Cir. 2013) (citation omitted).

Plaintiff **MUST** file the Amended Complaint within **30 DAYS** of the date this Order is entered on the docket, and it must include the assigned case number, **No. 3:22-cv-00814**. Plaintiff may request more time to comply before the deadline expires, if necessary. To file in person or by mail, the Court's address is: U.S. District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

When the Court receives the Amended Complaint, it will conduct a fresh screening to determine if Plaintiff states a claim for relief. If Plaintiff does not file an Amended Complaint, however, the Court will dismiss this case for failure to state a claim.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE